**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Julio C. ORELLANA, also known as Miguel Rivera, Defendant—Appellant.**

No. 06–30390.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 31, 2007.

Helen J. Brunner, Esq., Vincent T. Lombardi, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Ronald D. Ness, Esq., Port Orchard, WA, for Defendant–Appellant.

Before: BRUNETTI, McKEOWN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Julio C. Orellana appeals the district court's denial of his motion to suppress his confession, and his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 on the firearms conviction.

Orellana argues that his confession, although preceded by *Miranda* warnings, was nonetheless involuntary because he was "pushed up against the outside of his house while being arrested." He also alleges that he became "very emotional when shown a picture of his family and was subjected to interrogation by multiple officers subsequent to becoming very emotional." Neither of these grounds is sufficient to reverse the district court's ruling that Orellana's confession was voluntary.

Although "credible threat of physical violence" may amount to coercion, *see Arizona v. Fulminante*, 499 U.S. 279, 288, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), Orellana does not allege that there was physical coercion or a threat of physical violence at any time during the interrogation. The record does not reflect that the officer exerted undue or excessive force in any way when he arrested Orellana.

Nothing in the record supports Orellana's claim of psychological coercion. *See United States v. Miller*, 984 F.2d 1028, 1032 (9th Cir.1993) ("[M]ere emotionalism and confusion do not necessarily invalidate

confessions." (quotation marks and citation omitted)). Orellana does not allege that the officers threatened to keep him from seeing his family if he did not cooperate. *Compare United States v. Tingle*, 658 F.2d 1332, 1335–37 (9th Cir.1981) (holding that a confession was involuntary where the suspect was threatened with long-term separation from her young child if she did not cooperate). Nor does Orellana allege that the officers tried to exploit his emotional state for purposes of extracting a confession. *Compare United States v. Wauneka*, 842 F.2d 1083, 1088 (9th Cir. 1988) (noting that allegations of a police threat relating to defendant's pregnant girlfriend and her medical care, if proven, would raise a colorable claim of psychological coercion).

Neither did the district court err in denying Orellana's motion for judgment of acquittal on the firearms conviction. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Under 18 U.S.C. § 924(c)(1)(A)(i), the government must show that: (1) Orellana participated in a drug trafficking crime, (2) he possessed the firearm, and (3) his possession of the firearm was "in furtherance" of the drug crime. *See United States v. Hector*, 474 F.3d 1150, 1156 (9th Cir.2007). As Orellana does not challenge that he participated in a drug trafficking crime, and there is sufficient evidence to show that the gun belonged to Orellana, only the third prong is seriously at issue.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To satisfy the "in furtherance" requirement of § 924(c)(1)(A)(i), we "generally look to see if the government has shown a *specific* 'nexus' between the *particular* firearm and the *particular* drug crime at issue." *Id.* at 1157. "[M]ere possession of a firearm by an individual convicted of a drug crime is not sufficient for a rational trier to convict under § 924(c)(1)(A)." *United States v. Rios,* 449 F.3d 1009, 1012 (9th Cir.2006).

Here, the evidence was overwhelming that Orellana maintained the house for no other reason than as a base of operations for drug trafficking. The firearm was readily accessible and strategically positioned in relation to the locus of the drug activities. *See Hector,* 474 F.3d at 1158. As in *United States v. Mosley,* there was expert testimony that drug dealers used for their protection firearms like the one found in Orellana's bedroom. 465 F.3d 412, 417–18 (9th Cir.2006).

This case is unlike *United States v. Mann,* 389 F.3d 869, 880 (9th Cir.2004), where "[t]he only evidence adduced at trial showed that the guns were not at hand ... but locked in a safe in a truck," and the key was kept elsewhere, making the guns not easily accessible. This case is also unlike *Rios,* 449 F.3d at 1016, where "[t]he firearm was unloaded and hidden under a dresser in a drug-free residence that was in another part of town from the locus of the drug activities."

Viewing the evidence in the light most favorable to the government, there was sufficient evidence for the jury to find the essential elements of the crime beyond a reasonable doubt. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781.

**AFFIRMED.**